UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANGELICA CHRISTINA LIMCACO,<br><br>                              Plaintiff,<br><br>      v.<br><br>WYNN LAS VEGAS, LLC., *et al.*,<br><br>                              Defendants. | Case No. 2:18-cv-01685-MMD-GWF<br><br><br>**ORDER**<br>**Re: Defendants' Motion to Stay Discovery**<br>**Pending Motion to Dismiss (ECF No. 24)** |

This matter is before the Court on Defendant Wynn Las Vegas LLC's Motion to Stay Discovery pending Motion to Dismiss (ECF No. 24), filed November 14, 2018. Defendant Steven Wynn filed Joinder to Defendant Wynn Las Vegas LLC's Motion (ECF No. 27) on November 16, 2018. Plaintiff filed her Opposition (ECF No. 32) on November 28, 2018 and Defendants filed their Reply (ECF No. 33, 35) on December 5, 2018. The parties also filed their Respective Positions on Discovery Plan and Scheduling Order (ECF No. 30) on November 26, 2018.

## BACKGROUND

Plaintiff, Angelica Limcaco seeks redress against her former employer for alleged abusive conduct that occurred during her employment with Defendant, which ended in July 2006. Defendants request a stay of discovery pending a decision on their motion to dismiss. Defendants argue that no party will be prejudiced by a short stay of discovery pending a decision on its motion to dismiss because a favorable ruling will eliminate the need for any discovery. *See Motion to Stay* (ECF No. 24), 2. Plaintiff argues that she should be permitted to conduct limited interim discovery because the motion to dismiss cannot be decided without it.

1

*Opposition* (ECF No. 32), 5.  Further, Plaintiff argues that the motion to dismiss will not dispose of the issue upon which discovery is sought.  *Id.*

### DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995).  Ordinarily, a dispositive motion does not warrant a stay of discovery.  *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).  *See also Turner Broadcasting System, Inc. v. Tracinda☐ Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  The moving party carries the heavy burden of making a strong showing of why discovery should be denied.  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery.  See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action."  *Kor Media Group*, 294 F.R.D.  at 581.  The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."  *Kor Media Group*, 294 F.R.D. at 581.

After conducting its "preliminary peek" of Defendants' motion to dismiss, the Court finds that a stay of discovery is warranted.  First, the pending motion to dismiss, if granted, may dispose of the primary issues in Plaintiff's complaint based on applicable statute of limitations.  Second, although Plaintiff argues there are factual issues regarding whether there are written records concerning Plaintiff's allegations, the Court finds that the motion to dismiss can be decided without additional discovery.  The remaining issues are questions of law concerning the Court's application of equitable estoppel to excuse Plaintiff's delay in filing.  Finally, the Court is convinced that a stay of discovery is warranted based upon the merits of Defendants' motion to dismiss.

With respect to the Parties' Respective Positions on a Discovery Plan and Scheduling Order (ECF No. 30), the Court denies, without prejudice, in accordance with the aforementioned ruling. Should the District Judge deny Defendants' motion to dismiss, the parties are instructed to file a revised Stipulated Discovery Plan and Scheduling Order within fourteen (14) days from the entry of the Court's order. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wynn Las Vegas LLC's Motion to Stay Discovery pending Motion to Dismiss (ECF No. 24), is **granted**.

**IT IS FURTHER ORDERED** that the Parties' Respective Positions on a Discovery Plan and Scheduling Order (ECF No. 30) is **denied**, without prejudice. Should the District Judge deny Defendants' motion to dismiss, the parties are instructed to file a revised Stipulated Discovery Plan and Scheduling Order within **fourteen (14) days** from the entry of the Court's order.

Dated this 12th day of December, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE