UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELICA CHRISTINA LIMCACO,<br><br>Plaintiff,<br>v.<br><br>WYNN LAS VEGAS, LLC., a Nevada limited liability company, STEVE WYNN, an individual, DOES 1 through 10, inclusive and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-01685-MMD-GWF<br><br>ORDER |

## I.  SUMMARY

This is an employment discrimination case. Before the Court are two motions to dismiss filed by Defendant Steve Wynn and Defendant Wynn Las Vegas, LLC ("WLV"), respectively.[1] (ECF Nos. 23, 34.) Additionally before the Court are Plaintiff Angelica Christina Limcaco's requests for judicial notice. (ECF Nos. 39, 47, 54.)[2]

The Court grants WLV's motion to dismiss in part and dismisses Plaintiff's federal claims as time-barred. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and will dismiss them without prejudice. The Court denies Mr. Wynn's motion to dismiss as moot, given that Plaintiff advances only state law claims

///

///

---

[1] The Court has reviewed the responses and replies to these motions. (ECF Nos. 28, 29 (notice of corrected image), 31, 37, 38.) WLV filed an earlier motion to dismiss (ECF No. 11) that became moot when Plaintiff filed her First Amended Complaint (ECF No. 13). Accordingly, the Court will deny WLV's first motion to dismiss as moot.

[2] The Court has reviewed WLV's motions to strike the first two of those requests (ECF Nos. 40, 48), Plaintiff's responses to those motions (ECF Nos. 42, 50), and WLV's replies (ECF Nos. 43, 53). The Court also has reviewed Mr. Wynn's responses to the first two of Plaintiff's requests (ECF Nos. 41, 49) and Plaintiff's replies (ECF Nos. 44, 51).

against him. The Court denies Plaintiff's requests for judicial notice as improper surreplies and denies WLV's motions to strike as moot.

## II. BACKGROUND

The following facts are taken from the First Amended Complaint ("FAC") (ECF No. 13) unless otherwise indicated.

Plaintiff worked as a salon manager at WLV from June 13, 2005, until about June 2006. (*Id.* at 7, 10.) During that time, numerous co-workers reported to Plaintiff that Mr. Wynn sexually assaulted them. (*See id.* at 8-10.) Plaintiff reported these incidents to her supervisor, Doreen Whennen, but Whennen failed to take action. (*Id.* at 2, 10.) Plaintiff took her concerns to the president of WLV, Andrew Pascal, and was terminated shortly thereafter, ostensibly because other employees complained about her. (*Id.* at 10.) Plaintiff was unable to find work in Las Vegas and alleges that she was blacklisted. (*Id.* at 10, 23.) As a result, Plaintiff moved to Los Angeles. (*Id.* at 10.)

Plaintiff was traumatized by these events and kept them to herself for roughly twelve years, until Mr. Wynn resigned from WLV's parent company. (*Id.* at 11-12.) Plaintiff was concerned that she would face violence if she spoke out because she heard, among other things, that taking action against WLV would result in being terminated and blacklisted in the gaming industry and elsewhere; that Mr. Wynn bought a media publication in order to kill a story about himself and a woman who disappeared on a boat; and that Mr. Wynn "was more powerful than the police and that there may be people buried in the desert because of Mr. Wynn." (*Id.* at 3, 9.) Plaintiff was also concerned because a former employee—Andrea—was terminated and seemingly disappeared after alleging sexual assault by Mr. Wynn. (*Id.* at 2-3.)

About three months after Mr. Wynn resigned, Plaintiff filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC"). (*Id.* at 4 (alleging that Mr. Wynn resigned on February 7, 2018), *id.* at 7 (alleging that NERC charge was filed on May 16, 2018).) A charge was then filed with the Equal Employment Opportunity

///

Commission ("EEOC") on May 23, 2018. (*Id.* at 7.) The EEOC issued a right-to-sue letter on June 11, 2018. (*Id.*)

Plaintiff asserts four claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et. seq.* (first through fourth claim) for retaliation and hostile work environment against WLV, and the following state law claims: retaliation in violation of NRS § 613.340 against WLV, wrongful termination in violation of public policy against WLV, intentional infliction of emotional distress ("IIED") against WLV, civil conspiracy against all Defendants, interference with contractual relations against Mr. Wynn, and interference with economic advantage against Mr. Wynn. (ECF No. 13 at 13-23.)

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the

3

defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that the pleader is entitled to relief. *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

## IV. WLV'S MOTION TO DISMISS (ECF NO. 23)

WLV argues, *inter alia*, that all claims asserted against it are time-barred. (ECF No. 23 at 4.) Because the Court agrees that the federal claims are time-barred, the Court declines to address WLV's arguments relating to the state law claims.

It is undisputed that Plaintiff's federal claims—arising out of events taking place more than eleven years ago—are time-barred. Exhaustion of administrative remedies under Title VII requires plaintiffs to file a charge of discrimination "within 180 days from the last act of alleged discrimination" or, in a state like Nevada that has its own local agency, within 300 days of the last discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999). "In a Title VII suit, failure to file an EEOC charge within the prescribed 300-day period is not a jurisdictional bar, but it is treated as a violation of a statute of limitations, complete with whatever defenses are available to such a violation, such as equitable tolling and estoppel." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Thus, Plaintiff argues that WLV should be equitably estopped from asserting the statute of limitations as a defense because WLV and Mr. Wynn threatened and intimidated her into silence. (*See generally* ECF No. 28.) The Court finds that Plaintiff has failed to allege facts sufficient to justify equitable estoppel and dismisses Plaintiff's federal claims as time-barred.

///

4

"Equitable estoppel, sometimes called fraudulent concealment, 'focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit . . . . [including] the plaintiff's actual and reasonable reliance on the defendant's conduct or representations.'" *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1121 (9th Cir. 2006) (alterations in original) (quoting *Santa Maria*, 202 F.3d at 1176). "Equitable estoppel may be invoked 'if the defendant takes active steps to prevent the plaintiff from suing in time,' such as by misrepresenting or concealing facts necessary to the discrimination claim." *Coppinger-Martin v. Solis*, 627 F.3d 745, 751 (9th Cir. 2010) (internal citations omitted) (quoting *Santa Maria*, 202 F.3d at 1176-77). "A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." *Santa Maria*, 202 F.3d at 1176. "The doctrine of equitable estoppel . . . is based on the principle that a party 'should not be allowed to benefit from its own wrongdoing.'" *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (quoting *Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1004 (9th Cir. 2011)).

Plaintiff bases her argument for equitable estoppel partly on the same events that give rise to her retaliation claims—her termination and blacklisting. (ECF No. 28 at 18.) But a plaintiff asserting equitable estoppel "must point to some fraudulent concealment, some active conduct by the defendant *above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Coppinger-Martin*, 627 F.3d at 751 (quoting *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008)). Thus, the Court must reject Plaintiff's argument to the extent that the "alleged basis for equitable estoppel is the same as [her] cause of action." *Id.* (alteration in original) (quoting *Lukovsky*, 535 F.3d at 1052).

///

The remainder of Plaintiff's argument for equitable estoppel is based on the following: (1) Plaintiff heard that Mr. Wynn was more powerful than the police and that people were buried in the desert because of him; (2) Plaintiff heard that a woman disappeared on a boat with Mr. Wynn; (3) Plaintiff's employee—Andrea—was terminated and seemingly disappeared after alleging sexual assault by Mr. Wynn; (4) Plaintiff was aware of other employees who seemingly disappeared; (5) Plaintiff's supervisor threatened Plaintiff by telling Plaintiff never to speak about Andrea's alleged sexual assault; and (6) Plaintiff perceived Mr. Wynn to wield "immense power" and an "ability to operate outside the law." (ECF No. 28 at 13-15, 18.) Plaintiff alleges that Defendants' conduct caused her to fear that she would be blacklisted in the Los Angeles spa industry, kidnapped, or murdered if she pursued her legal claims. (*Id.* at 9, 17.)

But Plaintiff has failed to allege any actual threat.[3] Plaintiff does not allege that Mr. Wynn or any employee of WLV actually threatened to blacklist, kidnap, or murder her if she spoke out. Rather, Plaintiff alleges that her supervisor instructed her to refrain from speaking about Andrea's alleged sexual assault. Viewed in isolation, that instruction does not constitute a threat.

Plaintiff may have understood her supervisor's instruction as a threat based on the rumors she heard about Mr. Wynn. (*See id.* at 17.) But Plaintiff has not alleged that the conduct at the heart of those rumors was designed to prevent Plaintiff from pursuing her legal claims. For example, Plaintiff does not allege that Mr. Wynn killed a woman on a boat for the purpose of discouraging Plaintiff from pursuing her legal claims. And a consideration in determining whether to apply equitable estoppel is whether a defendant acted with an "improper purpose" to prevent a plaintiff from filing suit. *See Santa Maria*, 202 F.3d at 1176.

///

///

---

[3]WLV argues that threats of violence alone are insufficient to trigger equitable estoppel because a threat does not conceal information or mislead the plaintiff. (ECF No. 31 at 4-5.) The Court need not decide this issue because Plaintiff has not alleged a threat of violence.

6

To the extent that Defendants' alleged conduct might have dissuaded Plaintiff from pursuing her claims initially, more than eleven years elapsed before Plaintiff finally took action. Plaintiff does not allege that she had any contact with Defendants during that time, or that she continued to hear rumors about Defendants' mafia-like conduct. While Plaintiff's subsequent supervisor in Los Angeles—Jose Eber—had close ties to Mr. Wynn and his wife (ECF No. 28 at 20), Plaintiff does not allege that Eber threatened her or that he was susceptible to intimidation or coercion by Defendants.

Plaintiff's allegations are troubling if true, and it is clear that Plaintiff may have found her work environment intimidating, oppressive, and frightening, but Plaintiff has not alleged facts to show that Defendants would "benefit from [their] own wrongdoing" by asserting a statute of limitations defense. *See Estate of Amaro*, 653 F.3d at 813. Plaintiff's allegations show that sexual assaults were concealed but not that Defendants attempted to silence her or induce her to forgo her legal claims.

The cases Plaintiff relies upon do not persuade the Court otherwise. The bulk of these cases involve children who allegedly were sexually assaulted and then threatened or intimidated into silence. *See Nolde v. Frankie*, 964 P.2d 477, 479 (Ariz. 1998); *John R. v. Oakland Unified Sch. Dist.*, 769 P.2d 948, 949 (Cal. 1989); *Doe v. Bakersfield*, 39 Cal. Rptr. 3d 79, 80 (Cal. Ct. App. 2006); *Christopher P. v. Mojave Unified Sch. Dist.*, 23 Cal. Rptr. 2d 353, 355 (Cal. Ct. App. 1993). Plaintiff does not allege that she was sexually assaulted herself, and Plaintiff has not plausibly alleged that she was threatened.

Accordingly, the Court will grant WLV's motion to dismiss in part and dismiss Plaintiff's federal claims as time-barred.

## V. REQUESTS FOR JUDICIAL NOTICE

Plaintiff requested judicial notice of the following: (1) a complaint against WLV and its parent company filed by the Nevada Gaming Control Board (ECF No. 39 at 2; ECF No. 39-1 (complaint)); (2) the stipulation for settlement and order among those entities (ECF No. 39 at 2; ECF No. 39-2 (stipulation); ECF No. 47 at 2, 86-93 (fully executed stipulation)); (3) the addendum to the stipulation (ECF No. 47 at 2, 95-96); (4) the transcript from the

hearing in that case (ECF No. 47 at 2, 7-84); and (5) the existence of an investigative report by the Massachusetts Gaming Commission and certain facts it contains (ECF No. 54 at 2; ECF No. 54-1).

Mr. Wynn opposed Plaintiff's first two requests (ECF Nos. 41, 49), and WLV moved to strike them (ECF No. 40, 48). WLV contends that the requests constitute improper surreplies in violation of LR 7-2(b).[4] (ECF No. 40 at 2; ECF No. 48 at 3.) The Court agrees with WLV—the requests contain substantive discussion of the merits of Plaintiff's claims and equitable estoppel argument. (*See* ECF No. 39 at 3-5; ECF No. 47 at 4.) Accordingly, the Court will grant WLV's motions to strike Plaintiff's first two requests for judicial notice. By the same logic, the Court will strike Plaintiff's third request for judicial notice as an improper surreply. (*See* ECF No. 54 at 2 n.1 (discussing how the attached documents support Plaintiff's hostile work environment claims).)

## VI. REMAINING CLAIMS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff's FAC contains four claims that raise federal questions. (ECF No. 13 at 13-17.) Having resolved the federal claims in this case, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.[5] *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, the Court will dismiss the state law claims without prejudice. Given that the only claims against Mr. Wynn are dismissed for lack of subject matter jurisdiction, the Court will deny Mr. Wynn's motion to dismiss as moot.

///

///

---

[4]Local Rule 7-2(b) prohibits parties from filing surreplies without leave of court.

[5]The Court also lacks independent diversity jurisdiction under 28 U.S.C. § 1332 over the remaining state law claims because Plaintiff has not alleged that the amount in controversy exceeds $75,000. (ECF No. 13 at 24-26.)

## VII. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant WLV's motion to dismiss (ECF No. 23) is granted as to Plaintiff's federal claims. The Court dismisses Plaintiff's federal claims and declines to exercise supplemental jurisdiction over the remaining state law claims. Thus, the Court dismisses Plaintiff's First Amended Complaint (ECF No. 13) in its entirety. Plaintiff's state law claims are dismissed without prejudice.

It is further ordered that Plaintiff's requests for judicial notice (ECF Nos. 39, 47, 54) are denied.

It is further ordered that Defendant WLV's motions to strike (ECF Nos. 40, 48) are denied as moot.

It is further ordered that Defendant Steve Wynn's motion to dismiss (ECF No. 34) is denied as moot.

It is further ordered that Plaintiff's first motion to dismiss (ECF No. 11) is denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 18th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE