FILED

JUN 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELICA CHRISTINA LIMCACO, <br><br>Plaintiff-Appellant, <br><br>v. <br><br>STEVE WYNN; WYNN LAS VEGAS, LLC, FAC 13, <br><br>Defendants-Appellees, <br><br>and <br><br>WYNN RESORTS LTD., <br><br>Defendant. | No. 19-15949 <br><br> D.C. No. 2:18-cv-01685-MMD-GWF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted May 29, 2020
San Francisco, California

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In 2006 plaintiff-appellant Angelica Limcaco was a salon manager at defendant-appellee Wynn Las Vegas, LLC's (WLV) resort on the Las Vegas Strip. After one of her subordinates reported that defendant-appellee Steve Wynn raped her, Limcaco reported the alleged rape to her superiors. Shortly thereafter, Limcaco and her subordinate were dismissed. Limcaco alleges that she was "blacklisted" and could not find a job in Las Vegas. Nearly twelve years later, after an exposé about Wynn's pattern of sexual misconduct made national headlines, Limcaco filed this lawsuit under Title VII of the Civil Rights Act, alleging sexual harassment, retaliation, and wrongful termination against WLV, as well as several corresponding state-law claims against both WLV and Wynn. Limcaco contends that WLV and Wynn should be equitably estopped from asserting a statute-of-limitations defense. The district court did not apply the equitable estoppel doctrine, dismissed Limcaco's federal claims as untimely, and decided not to exercise supplemental jurisdiction over her state-law claims.[1] We affirm.

---

[1] Limcaco does not challenge the supplemental-jurisdiction ruling on appeal.

1.   We review application of the equitable estoppel doctrine for an abuse of discretion.[2] *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc). Limcaco failed to allege that she reasonably relied on any fraudulent concealment on WLV's part. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 751 (9th Cir. 2010). Even if she perceived certain conduct by the defendants as threatening, she failed to allege any affirmative threat to her personally that prevented her from pursuing her claims. Under these circumstances, it was not an abuse of discretion to find that equitable estoppel should not apply.

2.   After WLV filed its reply in support of its motion to dismiss, Limcaco filed three motions for judicial notice. The district court granted WLV's motions to strike the requests because the motions included substantive discussion of her claims, rendering them improper surreplies in violation of District of Nevada Local Rule 7-2(b), which requires parties to seek permission from the court before filing a surreply. It was not an abuse of discretion to grant the motion to strike. *See*

---

[2] Limcaco incorrectly argues that, because the underlying facts are undisputed, we should review the application of equitable estoppel de novo. But that standard applies only to review of equitable *tolling* decisions. *See Santa Maria*, 202 F.3d at 1175–76.

*Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). Limcaco's argument that the district court was required to take judicial notice of the documents presupposes that those requests were properly before the court. Because her requests were not properly before the court, it was not an abuse of discretion not to consider the documents.

3. Nor was it an abuse of discretion for the district court to deny Limcaco leave to amend her complaint because amendment is futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (holding that amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim). The facts Limcaco proposed adding in her amended complaint do not reveal any fraudulent concealment or threats by Wynn or WLV that would support her equitable-estoppel argument.

4. Finally, the arguments raised in Limcaco's supplemental brief lack merit. Her "newly discovered" evidence does not reveal any error in judgment made by the district court "in the conclusion it reached upon weighing the relevant factors." *S.E.C. v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001). Moreover, Limcaco cites no authority requiring a district judge to recuse in similar circumstances.

AFFIRMED.